IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-02387-RBJ

VERONICA A. TREVIZO,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

## ORDER

This case is before the Court on plaintiff Veronica A. Trevizo's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [ECF No. 21]. For the following reasons, the application is granted.

### I. FACTS

Ms. Trevizo applied for disability benefits in October of 2009, alleging disability due to Multiple Sclerosis (MS) and illiteracy. A hearing before administrative law judge Kathryn D. Burgchardt was held in November of 2010. The ALJ issued an opinion denying benefits on February 22, 2011. The Appeals Council denied Ms. Trevizo's request for review on July 21, 2011. Thereafter Ms. Trevizo filed a timely appeal with this Court. In its March 11, 2013 Order [ECF No. 17], the Court reversed the decision of the ALJ, finding that (1) there was not substantial evidence to support the ALJ's determination that Dr. Gamuac's opinion was not entitled to controlling weight, (2) there was not sufficient evidence in the record to support the ALJ's residual functional capacity (RFC) determination, (3) the ALJ improperly reduced the

weight she gave to Dr. Vega's opinion, and (4) the ALJ did not explain the reasons for the weight given to Dr. Wanstrath's and Dr. Valette's opinions. Ms. Trevizo now asks for an award of attorney's fees and expenses under the Equal Access to Justice Act. The government objects to such an award, arguing that its position was substantially justified.

## II. DISCUSSION

### A. Award of Fees Under the EAJA.

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show that (1) it was the prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that make an award unjust.

In a Social Security case, a plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[1] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In its earlier Order [ECF No. 17], this Court reversed the decision of the Commissioner to deny Ms. Trevizo benefits and remanded the case to the Commissioner for additional review. Thus, Ms. Trevizo was the prevailing party. The government has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong: whether the government's position was substantially justified.

1. The Government's Position.

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

In litigation following an administrative proceeding, the government's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Hackett*, 475 F.3d at 1174. EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)). In the present case, the Court finds that the government's underlying position was not substantially justified and therefore does not reach the question of whether its litigation position was also unreasonable.

    2. <u>Substantially Justified</u>.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett*, 475 F.3d at 1170. In the Tenth Circuit, "[t]he test for substantial justification . . . is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (internal citations and quotations omitted). However, the government's position is not substantially justified if it is unreasonable "as a whole." *Id.* at 1175.

    **B. <u>Dr. Gamuac's Opinion</u>.**

The Court found in its earlier Order that the ALJ erred in her determination that Dr. Gamuac's opinion was not entitled to great weight in the RFC analysis. ECF No. 17 at 7. As the Court explained, because Dr. Gamuac was Ms. Trevizo's treating physician, his opinion normally would be given controlling weight. *Id.* If an ALJ chooses to reject a treating physician's assessment, she may do so "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *McGoffin v.*

3

*Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).  The ALJ here declined to afford Dr. Gamuac's opinion controlling weight because it was "inconsistent with his treating notes which show [Ms. Trevizo's] condition is compatible with the ability to work."  R. [ECF No. 7] at 18.  The Court found that there was not substantial evidence to support this determination.[2]  ECF No. 17 at 7. As the Order explains, Dr. Gamuac's treatment notes "say that she is 'stable' and not in 'acute distress' but they also say that she suffers from 'chronic pain.'"  *Id.* (quoting R. [ECF No. 7] at 232).  Thus the Court concluded that the ALJ had improperly relied on her own lay opinion in lessening the weight she gave to Dr. Gamuac's opinion, rather than relying on any contradictory medical evidence.  ECF No. 17 at 7.  In light of the relevant legal standard and the clear lack of substantial evidence supporting the ALJ's determination, her position on this point was unreasonable.

The government now argues that the ALJ's position was substantially justified because an RFC assessment should not be based solely on a physician's opinion, but rather on all of the relevant medical and other evidence in the record.  ECF No. 22 at 4.  While that is correct, it is beside the point.  The fact that an RFC determination must be based on the record as a whole does not negate the requirement that the ALJ must cite substantial evidence—rather than relying on her own lay opinion—in making the determination not to give a treating physician's opinion controlling weight.

For the reasons explained above, the government's underlying position with respect to Dr. Gamuac's opinion was unreasonable, and thus it was not substantially justified.

### C. **Lack of Evidence Supporting the RFC Determination.**

The Court also found that the ALJ's conclusions about Ms. Trevizo's RFC were not

---

[2] In reviewing a final decision by the Commissioner, the role of the District Court is to examine the record and determine whether it "contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards."  *Rickets v. Apfel*, 16 F.Supp.2d 1280, 1287 (D. Colo. 1998).

supported by substantial evidence. ECF No. 17 at 8. Specifically, the ALJ's determinations that Ms. Trevizo "can stand for six hours in an eight hour work day, sit for six hours in an eight hour work day, and does not need to lie down at all during a work day" were not supported by substantial medical or other evidence. *Id.* Indeed, the Court found that after determining that Dr. Gamuac's opinion was not entitled to controlling weight, the ALJ had an obligation to develop the record so that it contained sufficient evidence for an RFC determination. *Id.* She did not do so. Thus, in light of the clear lack of evidence supporting the RFC determination, the Court finds that the ALJ's position here lacks a reasonable basis in fact.

The government does not respond directly to this point in its response brief. *See* ECF No. 22. Because the Commissioner's underlying position on this issue lacks a reasonable basis in fact, it was not substantially justified.

### D. Dr. Vega's Opinion.

This Court's earlier Order additionally found that the ALJ erred in her determination not to give great weight to Dr. Vega's opinion. ECF No. 17 at 8. In reaching this conclusion, the ALJ relied on her own view that Dr. Vega's opinion was "inconsistent with the evidence including . . . [the] GAF [Global Assessment of Functioning] score of 50-55." R. [ECF No. 7] at 19. The Court found that the ALJ was not qualified to assess whether Dr. Vega's opinion was consistent with a particular GAF score and that, in doing so, she improperly substituted her lay opinion for that of a medical professional. ECF No. 17 at 8. Indeed, the law is clear that an ALJ is not qualified to interpret test data in contradiction of a medical professional's own interpretation. *See* ECF No. 17 at 8 (citing *Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007)). For this reason, the ALJ's determination not to give great weight to Dr. Vega's opinion lacks a reasonable basis in law.

Again here, the government's argument for why its position was substantially justified is non-responsive. The Commissioner points to two cases in which GAF scores lower than Ms. Trevizo's have been found to be consistent with a level of functioning allowing the claimant to hold a job. ECF No. 22 at 4–5. However, whether a GAF score of 50-55 is consistent with the ALJ's RFC determination is beside the point; the Court found that by relying on her own lay opinion about the implications of the GAF score to reduce the weight given to Dr. Vega's opinion, the ALJ failed to follow the applicable law. ECF No. 17 at 8–9.

The ALJ's position on this point does not have a reasonable basis in law, and thus it was not substantially justified.

### E. Dr. Wanstrath's and Dr. Valette's Opinions.

Finally, the Court found that the ALJ erred in her analysis of how much weight to afford Dr. Wanstrath's and Dr. Valette's opinions. ECF No. 17 at 9. The ALJ gave Dr. Wanstrath's opinion "substantial weight," yet afforded Dr. Vega's opinion only "little weight." R. [ECF No. 7] at 19. Furthermore, she did not specify how much weight she gave Dr. Valette's opinion (only that it was given "more weight" than Dr. Vega's opinion). *Id.* The Court found that "[t]his is not enough information to understand the weight given or the reasons for those weights."[3] ECF No. 17 at 9. The law is clear that an ALJ must give good reasons for the weight assigned to a medical opinion and that those reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight [given] and the reason for that weight." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). The ALJ's opinion does not clearly explain the reasons supporting her weight determinations, and thus it lacks a reasonable basis in law.

---

[3] The Court was particularly concerned about the difference between the weight given to Dr. Wanstrath's opinion (that of a non-treating physician) and the weight given to the other two opinions (both from examining physicians). ECF No. 17 at 9. Indeed, the Court noted that on remand the ALJ should "explain how the factors listed [in 20 C.F.R. § 416.927(e)(2)(ii)] support assigning so much weight to Dr. Wanstrath's opinion." *Id.*

The government's response does not address this point. *See* ECF No. 22. Having found that the government's underlying position with respect to Dr. Wanstrath's and Dr. Valette's opinions lacks a reasonable basis in law, the Court now concludes that it was not substantially justified.

**F. Fees.**

Because the government has failed to meet its burden of showing that its position was substantially justified, the plaintiff is entitled to an award of attorney's fees. Plaintiff requests an award of $6,274.13 in fees based on 35.1 hours of attorney time at a rate of $178.75 per hour. ECF No. 21, Affidavit of Plaintiff's Attorney; ECF No. 23 at 8–9. The Commissioner did not dispute the $5,469.75 award requested in plaintiff's motion or the rate that plaintiff used to arrive at that amount. *See* ECF No. 22. The additional $804.38 represents 4.5 hours of work on plaintiff's reply. ECF No. 23 at 9. Time spent on a reply brief in these circumstances is compensable. *See Commissioner, INS v. Jean*, 496 U.S. 154, 164 (1990).

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount," or the product of the number of attorney hours reasonably expended and a reasonable hourly rate. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee." *Id.* The Court finds that the hours claimed for attorney work and the plaintiff's suggested rate are reasonable. Thus the Court concludes that $6,274.13 is a reasonable fee in this case.

## ORDER

For the foregoing reasons, the plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [ECF No. 21] is GRANTED. The

parties agree that the fee award should be made payable directly to the plaintiff.  *See* ECF No. 22 at 5–6; ECF No. 23 at 10.  Accordingly, the Court directs that the approved fee of $6,274.13 be made payable to Veronica A. Trevizo.

DATED this 17th day of November, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge